JUSTICE GRAY,
dissenting.
I respectfully dissent from the Court’s opinion. As I read it, that opinion strongly suggests that the two jurors at issue successfully could, and should, have been challenged for cause pursuant to the governing statute. The Court also determines that counsel was ineffective in failing to follow up with further inquiry to the two prospective jurors, assumes that bias sufficient to establish grounds for challenges for cause would have been established had additional inquiry been made, and then concludes that Chastain has established the two Strickland prongs necessary for ineffective assistance of counsel. I cannot agree to any of these determinations.
The Court correctly quotes § 46-16-115(2)(j), MCA, in stating that a prospective juror may be challenged for cause if that person has “a state of mind in reference to the case or to either of the parties that would prevent the juror from acting with entire impartiality and without prejudice to the substantial rights of either party.” In that regard, we have held that “[i]t is only where [prospective jurors] form fixed opinions on the guilt or innocence of the defendant which they would not be able to lay aside and render a verdict based solely on the evidence presented in court that [the prospective jurors] become disqualified as jurors.” Great Falls Tribune v. District Court (1980), 186 Mont. 433, 439-40, 608 P.2d 116, 120. When a challenge for cause is made, it is not automatically granted, but is tried by the district court. See § 46-16-115(1), MCA. Both parties then have an opportunity to make a record with regard to whether grounds for excusing the juror for cause exist.
It is clear that the record as it exists in this case would not — on a stand-alone basis, without more — have supported a successful challenge for cause of either of these two potential jurors. Neither prospective juror indicated a fixed opinion of guilt much less any opinion of guilt which they would have been unable to set aside. The male panelist said that his really strong feelings about what could have happened in his sister’s case “could” taint his judgment in Chastain’s case and evince feelings which would not be favorable to the defendant. The female panelist stated only that she had seen a newspaper *67 article about the case, that she did not remember reading it, and that when she read about “something like that, I do kind of evoke some strong feelings.” On this record, neither of these jurors meets the statutory standard of “a state of mind in reference to the case or to either of the parties that would prevent the juror from acting with entire impartiality and without prejudice to the substantial rights of [the defendant].”
Moreover, while I agree with the Court that it is the party’s obligation to develop information that demonstrates a juror’s bias as to that party or an issue in the case, the record before us does not support a conclusion that defense counsel did not discharge this obligation here. One must assume that these jurors were, indeed, biased in order to conclude that defense counsel’s performance was deficient here; I am not willing to join the Court in making that assumption. While the Court concludes that defense counsel erroneously abandoned his right to challenge for cause, it is just as likely that, in not following up with these prospective jurors on the basis of their expressed feelings which were almost entirely unrelated to the case at hand, defense counsel was aware of the relatively difficult task of establishing bias under § 46-16-115(2)(j), MCA, and Great Falls Tribune. In my opinion, Chastain has not established that counsel’s performance was deficient and, therefore, I would conclude that he did not meet the first Strickland prong.
Furthermore, while I agree with the Court’s adoption of the Allsup rationale that the presence of a juror who could not fairly assess the credibility of the witnesses must be presumed prejudicial, I submit that the record before us does not establish the presence of such a juror in this case and, as a result, the Allsup rationale is inapplicable. The fact is that the empaneled jury, including both of the jurors at issue in this ineffective assistance of counsel claim, acquitted Chastain of one count of sexual intercourse without consent. That fact alone, in my view, belies any Allsup notion that the case presently before us involves a juror who could not fairly assess the credibility of the witnesses.
Absent such a circumstance in which prejudice properly may be presumed, the burden of establishing prejudice, as required by Strickland, remains on the defendant. The record before us contains substantial evidence in support of the charges against Chastain and he was acquitted of one charge of sexual intercourse without consent. It is my view that, on this record, Chastain has not established prejudice *68 and that, even assuming counsel had a duty to follow up with further inquiry of these potential jurors, the second Strickland, prong is not met.
I would conclude that Chastain has not established ineffective assistance of counsel and, with regard to the second issue he raises, that sufficient evidence supports the jury verdict finding him guilty of one count of sexual intercourse without consent andsexual assault. As a result, I would affirm the District Court.